IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY D. GORDON, #65885**                                                                                      **PLAINTIFF**

**VERSUS**                                                                **CIVIL ACTION NO.  5:05cv234DCB-JCS**

**JIMMY TURNER, et al.**                                                                                              **DEFENDANTS**

ORDER

This cause comes before this Court on plaintiff's Motion for Temporary Restraining Order[13-1].  The Court, upon consideration of the plaintiff's motion [13-1], has come to the following conclusion.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985)  citing Canal Authority of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974).  While the granting or denial of a motion for a preliminary injunction or temporary restraining order rests in the sound discretion of the trial court, the movant bears the burden of satisfying the four prerequisites for this extraordinary relief.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

The four prerequisites are as follows:  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  Id.  These requirements are not balanced, but rather each one must be met before the Court can grant such a drastic remedy as a temporary restraining order.  Mississippi Power &

Light Co., 760 F.2d at 621.

In the case at bar, the Court finds that a temporary restraining order is not warranted at this time. The plaintiff claims that August Andrews is denying him access to the Court because she will not notarize or copy the plaintiff's legal work. However, the Court finds that the plaintiff's case is proceeding in this Court, and there is no substantial threat that plaintiff will suffer irreparable injury if the temporary restraining order is not granted. Furthermore, the primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits. Mississippi Power & Light Co., 760 F.2d at 573. This Court concludes that it will be able to render a meaningful decision in this cause without granting a temporary restraining order.

Hence, in light of the foregoing prerequisites and standards, it is clear that plaintiff's motion for a temporary restraining order should be denied without a hearing. Therefore, it is hereby,

ORDERED that plaintiff's Motion for a Temporary Restraining Order **[13-1] is DENIED.**

SO ORDERED, this the 14th day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE