IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY GORDON #65885                                                                    PLAINTIFF

versus                                                                    CIVIL ACTION NO. 5:05cv234-MTP

JIMMY TURNER, *et al.*                                                              DEFENDANTS

OPINION AND ORDER

THIS CASE is before the court on the Motion for Summary Judgment on Behalf of the Separate Defendant, Christopher Epps [40-1]. The plaintiff, a state prisoner who is proceeding *pro se* and *in forma pauperis*, has not responded to the motion. The court, having considered the documents made a part of the record of this case, the plaintiff's omnibus hearing testimony and the applicable law, FINDS that the motion should be granted.[1] The court further finds as follows:

By this action brought pursuant to 42 U.S.C. 1983, the plaintiff seeks redress for alleged violations of certain of his constitutionally-protected rights while he was incarcerated at Wilkinson County Correctional Center. However, Gordon's sole claim against Defendant Epps was not made manifest until the screening hearing held on January 30, 2007[2] when Gordon was testifying about the denial of his request for protective custody.[3] Gordon agreed that his complaint against Epps is that Gordon "requested protective custody, appealed that. It went to him. And he denied it for

---

[1] This matter has been referred to the United States Magistrate Judge by consent of the parties to conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

[2] No mention of Defendant Epps appears anywhere in the complaint other than his being named as a defendant. He is not even named in the style of the case. It does not appear from the plaintiff's pleadings or from his testimony that he seeks to impose liability on Epps for the actions of others. As section 1983 "does not create supervisory or *respondeat superior* liability," *Oliver v. Scott,* 276 F.3d 736, 742 & n. 6 (5th Cir. 2002), any such claim would properly be dismissed as having no arguable basis in law. *See Williams v. Luna,* 909 F.2d 121, 123 (5th Cir. 1990)(affirming dismissal of correctional director from suit).

[3] Transcript at 28-30. A prisoner's testimony during a *Spears* hearing becomes a part of his pleadings. *Eason v. Holt,* 73 F.3d 600, 602-03 (5th Cir. 1996).

reasons that [Gordon] do[es] not think are valid." Tr. at 29: 16–30: 1.

Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).  Maintenance of a section 1983 claim requires the plaintiff to establish two essential elements: "First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Augustine v. Doe,* 740 F.2d 322, 324 (5th Cir. 1984).   It is the second element that Gordon cannot satisfy.[4]

Although it is unclear that he intended a due process challenge to prison grievance procedures, Gordon did attach to his complaint a copy of the third response signed by Defendant Epps denying his request for relief relative to a custody upgrade.[5]  Assuming *arguendo* that Gordon does intend such a challenge against Epps,  any such claim is meritless and properly dismissed: "[A] prisoner has a liberty interest only in "freedom[s] from restraint...impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  [Plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation...is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005)(internal quotations and citations omitted).

Any claim that Epps violated Gordon's constitutional rights by denying him the requested custody status meets a similar fate: "[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is

---

[4] Although summary judgment is appropriate only if there is no genuine issue of material fact, a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Tanner v. Harris,* 31 Fed. Appx. 154, at *1 (5th Cir. 2001).

[5] The Third Step Response Form is also attached as Exhibit A to the defendant's motion.

insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).[6] Again, because in asserting such a claim the plaintiff must rely "on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999).

As he has no property or liberty right protectable by the Fourteenth Amendment as to his claims against Defendant Epps, the plaintiff has not suffered an unconstitutional deprivation remediable under section 1983. *See Baldwin v. Daniels,* 250 F.3d 943, 946-47 (5th Cir. 2001). Consequently, Defendant Epps is entitled to judgment as a matter of law on those claims. *See Hart v. Hairston,* 343 F.3d 762, 765 (5th Cir. 2003) (affirming summary judgment where plaintiff failed to establish elements of section 1983 retaliation claim); *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002)(treating motion for summary judgment as one to dismiss for failure to state a claim and affirming dismissal where purported Eighth Amendment claims were "not actionable under § 1983").

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment on Behalf of the Separate Defendant, Christopher Epps [40-1] is hereby GRANTED and that Plaintiff Anthony Gordon's Complaint is DISMISSED with prejudice as to Defendant Christopher Epps.

A separate judgment shall be entered herein in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED on this, the 14th day of February, 2007.

s/ Michael T. Parker
United States Magistrate Judge

---

[6] The plaintiff likewise has no liberty interest in his housing assignment. *Taylor v. Carlize,* 172 Fed. Appx. 589, 591 (5th Cir. 2006).